UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO. 13-cv-00706-SPC-UAM

KARRIE FIKE,

       Plaintiff,

vs.

JETBLUE AIRWAYS CORPORATION,
A Foreign Corporation,

       Defendant.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant JetBlue Airways Corporation (hereinafter, "JetBlue"), files its Answer and Affirmative Defenses to the Complaint for Damages (hereinafter, the "Complaint") filed by Plaintiff Karrie Fike ("Plaintiff"), and states as follows:

1. JetBlue denies the allegations set forth in Paragraph 1 of the Complaint.

2. JetBlue denies the allegations set forth in Paragraph 2 of the Complaint, except admits that JetBlue is Delaware corporation, with its principal place of business in Long Island City, New York; that it is authorized and licensed to do business in Florida; and that it employs crewmembers in Lee County, Florida.

3. JetBlue denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of the Complaint.

4. JetBlue denies the allegations set forth in Paragraph 4 of the Complaint, except admits that Plaintiff was a ticketed passenger onboard JetBlue Flight No. 132 from Southwest

Florida International Airport, Fort Meyers, Florida to John F. Kennedy International Airport, Queens, New York on January 6, 2012.

5. JetBlue denies the allegations set forth in Paragraph 4 of the Complaint, except admits that Plaintiff was a ticketed passenger on JetBlue Flight No. 132 on January 6, 2012. JetBlue respectfully refers all questions of law to the Court at the time of trial.

6. JetBlue denies the allegations set forth in Paragraph 6 of the Complaint.

7. JetBlue denies the allegations set forth in Paragraph 7 of the Complaint.

8. JetBlue denies the allegations set forth in Paragraph 8, including subparts (a)-(f), of the Complaint.

9. JetBlue denies the allegations set forth in Paragraph 9 of the Complaint.

10. JetBlue denies the allegations set forth in Paragraph 10 of the Complaint.

## PRAYER FOR RELIEF

The allegations in the "Wherefore Clause" of the Complaint do not require an admission or denial. To the extent that a response is required, JetBlue denies the allegations set forth in the "Wherefore Clause" of the Complaint.

## AFFIRMATIVE DEFENSES

## AS AND FOR A FIRST DEFENSE

The Complaint fails to state a cause of action against JetBlue for which relief can be granted.

## AS AND FOR A SECOND DEFENSE

Plaintiff has brought this action in an inappropriate and inconvenient venue. The action should be dismissed for improper venue pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1406, or,

in the alternative, should be transferred to a proper venue pursuant to 28. U.S.C. § 1404 for the convenience of the parties and witnesses and in the interests of justice.

## AS AND FOR A THIRD DEFENSE

The action should be dismissed for failure to join a necessary party.

## AS AND FOR A FOURTH DEFENSE

The damages allegedly sustained by Plaintiff were not proximately caused by or contributed to by any negligent acts or omissions on the part of JetBlue and, thus, JetBlue is not liable to Plaintiff.

## AS AND FOR A FIFTH DEFENSE

The alleged acts and/or omissions of JetBlue were not the legal, proximate, direct, or substantial cause of, or contributing factor to, any of the injuries alleged by Plaintiff, and thus, JetBlue is not liable to Plaintiff.

## AS AND FOR A SIXTH DEFENSE

The acts or omissions complained of by Plaintiff in the Complaint were not within the scope of any obligations undertaken or any applicable duty owed by or on behalf of JetBlue.

## AS AND FOR A SEVENTH DEFENSE

JetBlue did not breach or violate any alleged applicable duty to Plaintiff, including without limitation, any duty of reasonable or heightened care.

## AS AND FOR AN EIGHTH DEFENSE

The damages allegedly sustained by Plaintiff were proximately caused by the negligent acts or omissions of third parties and, thus, JetBlue is not liable to Plaintiff or, alternatively, JetBlue's liability to Plaintiff is partial only and should be reduced in accordance with the applicable law.

## AS AND FOR A NINTH DEFENSE

The damages allegedly sustained by Plaintiff, if any, were caused and brought about by an intervening and superseding cause and were not caused by JetBlue or by a person or entity for whom JetBlue is responsible and thus JetBlue is not liable to Plaintiff.

## AS AND FOR A TENTH DEFENSE

The alleged incident was the result of the fault, negligence, want of care, acts, or omissions of persons or entities other than JetBlue and over which JetBlue has no authority or control and was not the result of any fault, negligence, want of care, or other acts of omissions on the part of JetBlue. In the event JetBlue is found liable to Plaintiff, which liability is expressly denied, JetBlue will be entitled to indemnification, contribution, or apportionment of liability pursuant to applicable law.

## AS AND FOR AN ELEVENTH DEFENSE

The damages allegedly sustained by Plaintiff were caused or contributed to by Plaintiff's own negligence or culpable conduct and, thus, JetBlue is not liable to Plaintiff, or any such liability should be reduced by the percentage of Plaintiff's comparative fault.

## AS AND FOR A TWELFTH DEFENSE

To the extent that Florida law applies, if JetBlue is found liable to the Plaintiff, which liability JetBlue expressly denies, apportionment of damages, if any, should be accomplished in accordance with the provisions of Fla. Stat. § 768.81, and the Court should enter judgment against each party (whether a party to this litigation or not) on the basis of such party's or non-party's percentage of fault, and not on the basis of the doctrine of joint and several liability.

**AS AND FOR A THIRTEENTH DEFENSE**

The liability of JetBlue, which liability is expressly denied, must be limited by the provisions of New York CPLR Article 16.

**AS AND FOR A FOURTEENTH DEFENSE**

Some or all of the damages claimed by Plaintiff are limited or are not recoverable under applicable law. Further, in the event damages are to be awarded to Plaintiff, such damages should be reduced or offset by various benefits received under applicable law.

**AS AND FOR A FIFTEENTH DEFENSE**

Any damages awarded to Plaintiff must be reduced by the amount of any collateral source, including but not limited to insurance, social security, and employee benefit programs, that the Court finds was, or will be with reasonable certainty, replaced or indemnified. JetBlue's liability to Plaintiff, which liability is expressly denied, must be reduced correspondingly.

**AS AND FOR A SIXTEENTH DEFENSE**

If Plaintiff has received remuneration and or compensation for some or all of his claimed economic loss, or will with reasonable certainty receive remuneration and/or compensation for said loss in the future, Plaintiff's award should be reduced by the amount of said remuneration and/or compensation pursuant to Section 4545(c) of the New York CPLR. JetBlue's liability to Plaintiff, which liability is expressly denied, must be reduced correspondingly.

**AS AND FOR A SEVENTEENTH DEFENSE**

Pursuant to Section 1401 of the New York CPLR, JetBlue is entitled to a New York General Obligations Law § 15-108 set-off to the extent that a release, or a covenant not to sue or not to enforce a judgment was given to one or more persons liable or claimed to be liable for Plaintiff's alleged damages, and JetBlue is entitled to a reduction of the claim of the

Plaintiff/releasor against other tortfeasors to the extent of any amount stipulated by the release or the covenant, or in the amount of the released tortfeasor's equitable share of the damages.

## AS AND FOR AN EIGHTEENTH DEFENSE

Plaintiff failed to mitigate her damages, if any. Accordingly, Plaintiff's recovery, if any, should be reduced accordingly.

## AS AND FOR AN NINETEENTH DEFENSE

JetBlue is not liable to Plaintiff because JetBlue did not create a dangerous or defective condition and did not have any actual or constructive notice of any alleged dangerous or defective condition prior to the incident described in the Complaint. Moreover, even if such notice can be imputed to JetBlue, JetBlue did not have reasonable time within which to correct any such alleged condition or to warn others about its existence.

## AS AND FOR A TWENTIETH DEFENSE

JetBlue is not liable to Plaintiff because any alleged dangerous or defective condition was not within JetBlue's exclusive control.

## AS AND FOR A TWENTY-FIRST DEFENSE

JetBlue is not liable to Plaintiff because any alleged dangerous or defective condition was open and obvious.

## AS AND FOR A TWENTY-SECOND DEFENSE

The injuries or damages allegedly sustained by Plaintiff, which JetBlue denies, were the result of Plaintiff embarking upon or concurring in an activity and a course of conduct that Plaintiff knew or should have known would subject him to the hazards and risks out of which the alleged injuries or damages arose, and Plaintiff's recovery is thereby barred or, in the alternative, diminished in proportion thereto.

### AS AND FOR A TWENTY-THIRD DEFENSE

JetBlue lacked actual or constructive notice of any alleged dangerous or defective condition, and/or that Plaintiff would disregard the risk of harm to herself.

### AS AND FOR A TWENTY-FOURTH DEFENSE

Plaintiff is not entitled to recover for non-economic loss, or for alleged economic losses not included within the definition of "basic economic loss" set forth in the Insurance Law of the State of New York.

### AS AND FOR A TWENTY- FIFTH DEFENSE

Pursuant to its Conditions of Carriage set forth in the relevant contract of transportation, JetBlue is not liable to Plaintiff, or, in the alternative, JetBlue's liability is limited.

### AS AND FOR A TWENTY-SIXTH DEFENSE

Defendant JetBlue performed all of the terms and conditions of the contract which were to be performed by JetBlue.

### AS AND FOR A TWENTY-SEVENTH DEFENSE

Plaintiff's claims against JetBlue are preempted, either explicitly or implicitly, in whole or in part, by federal law, including but not limited to the Federal Aviation Act and/or the Federal Aviation Reauthorization Act and/or Airline Deregulation Act and/or applicable Federal Aviation Regulations or Homeland Security Regulations.

### AS AND FOR A TWENTY-EIGHTH DEFENSE

JetBlue is not liable to Plaintiff because JetBlue complied with all relevant governmental regulations of the United States.

**ADDITIONAL DEFENSES**

JetBlue Airways Corporation respectfully requests leave to assert additional defenses which it deems necessary to its defense of the Complaint during or upon conclusion of its investigation and discovery, including but not limited to any defenses available under any competing jurisdiction, including New York, whose laws may apply.

**WHEREFORE**, having fully answered the allegations set forth in the Complaint, JetBlue Airways Corporation respectfully requests that the Court enter judgment (a) dismissing the Complaint; (b) awarding JetBlue Airways Corporation attorneys' fees, costs, and expenses incurred in connection with this action; and (c) granting such other and further relief as the Court may deem just and proper.

Dated: November 7, 2013

                        HOLLAND & KNIGHT LLP

                        By:    /s/ *Joshua R. Levenson*
                               Joshua R. Levenson, Esq.
                               Florida Bar No. 0056208
                               Joshua.levenson@hklaw.com
                               515 East Las Olas Boulevard, Suite 1200
                               Fort Lauderdale, FL 33301
                               Tel.:    (954) 468-7852
                               Fax:    (954) 463-2030

                               *Attorneys for Defendant*
                               *JetBlue Airways Corporation*

**CERTIFICATE OF SERVICE**

I HEREBY certify that on November 7, 2013, I electronically filed the foregoing document with the Clerk of the Court CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties not authorized to receive electronically Notices of Electronic Filing.

By: /s/ Joshua R. Levenson
Joshua R. Levenson

**SERVICE LIST**

Zachary M. Gill, Esq.
GOLDSTEIN, BUCKLEY, CECHMAN,
RICE & PURTZ, P.A.
P.O. Box 2366
Fort Meyers, Florida 33902
Tel.: 239-334-1146
E: zmg@gbclaw.com

*Attorneys for Plaintiff*

[ via CM/ECF ]