UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KARRIE FIKE,

    Plaintiff,

v.                                         Case No: 2:13-cv-706-FtM-38UAM

JETBLUE AIRWAYS CORPORATION,
a foreign corporation,

    Defendant.

_____

## **ORDER**[1]

This cause is before the Court on defendant JetBlue Airways Corporation's ("Defendant") Motion to Transfer Venue (Doc. #11) filed on November 7, 2013. Plaintiff Karrie Fike ("Plaintiff") filed a Response and Memorandum of Legal Authority in Opposition to Defendant's Motion to Transfer Venue (Doc. #13) on November 21, 2013. Defendant filed a Reply in Further Support of its Motion to Transfer Venue (Doc. #17) on December 6, 2013.

## **FACTS**

This is a personal injury action. Plaintiff alleges that she was injured on JetBlue Flight 132 from Fort Myers, Florida to Queens, New York, when, after landing in New

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

York, a hard laptop case fell from an overhead storage bin and struck her in the head while she was disembarking. Plaintiff claims that a JetBlue flight attendant stowed the laptop case, and asserts that JetBlue was negligent in: (a) stowing the laptop case; (b) overloading the overhead storage bin above Plaintiff's seat; (c) permitting an employee to act in a negligent manner; (d) failing to supervise its employees; (e) failing to warn of the risk of falling luggage; and (f) failing to take adequate steps to prevent the laptop case from falling out of the overhead storage bin. Following the incident, the JetBlue flight crew called the Port Authority of New York and the New Jersey Police Department ("PAPD"). Both the flight crew and PAPD offered medical assistance, which Plaintiff declined.

Plaintiff filed suit on September 4, 2013 in the Twentieth Judicial Circuit in and for Lee County, Florida. On October 3, 2013, Defendant timely removed the action to the Middle District of Florida on diversity of citizenship grounds,

Defendant argues that the Court should transfer this action to the Eastern District of New York for the convenience of the parties and witnesses and in the interests of justice. Defendant contends that requirements to transfer an action to a more convenient forum are present. First, Defendant contends that Plaintiff could have originally brought this case in the Eastern District of New York. Second, Defendant argues that a transfer of the action to the Eastern District of New York is in the interests of justice because the convenience of the witnesses and access of proof are increased by a transfer. Defendant asserts that the alleged incident occurred at JFK Airport in New York, the crewmembers who allegedly acted negligently are based in New York, and so are the supervisors who allegedly negligently trained and supervised the crew

members.  Additionally, Defendant argues that because the overwhelming majority of material party and nonparty witnesses are located in New York, this Court could not otherwise compel these witnesses to attend a trial in Florida.  Defendants contend that application of Florida's most significant relationship test makes it likely that New York law will apply.  Finally, Defendant contends that this case should be transferred because the Eastern District of New York has a greater interest in hearing this dispute given Defendant's principal place of business is in Long Island City (Queens), New York, and all of the events and actions giving rise to Plaintiff's claim occurred in Queens, New York.

Plaintiff responds that there is a strong presumption in favor of the resident-plaintiff's choice of forum, a presumption which Defendant has failed to overcome.  Plaintiff argues that if the case is transferred to the Eastern District of New York, Plaintiff will experience immense inconvenience.  According to Plaintiff, she does not reside in New York nor have any close relatives that reside there.  Plaintiff argues that requiring her to litigate in New York would result in travel expenses and attorney costs thereby hindering her ability to fully litigate this matter.  Plaintiff contends that the respective financial means of the parties are so disproportionate that it has the potential to hinder the fair and equitable litigation of this matter.

## **STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  "'There is ordinarily a strong presumption in favor of the plaintiff's choice of forum,' especially where the plaintiff chooses to litigate

in his home forum." *Seal Shield, LLC v. Otter Products, LLC*, 2013 WL 6017330, at *1 (M.D. Fla. Nov. 13, 2013) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981)).  The purpose of 28 U.S.C. § 1404(a) is to "avoid unnecessary inconveniences to the litigants, witnesses, and the public, and to conserve time, energy, and money." *Thermal Tech., Inc. v. Dade Serv. Corp.*, 282 F.Supp.2d 1373, 1375-6 (S.D. Fla. 2003).

Motions to transfer venue pursuant to 28 U.S.C. § 1404(a) require a two-step analysis.  First, the Court must determine whether the action could have been originally brought in the proposed transferee district.  If the case could have been brought in the transferee district, then the Court must determine whether the case can proceed more conveniently and better serve the interests of justice in another forum.  *See* *Vivant Pharmaceuticals v. Clinical Formula, LLC*, 2011 WL 1303218, at *6 (S.D. Fla. Mar. 31, 2011).

## **DISCUSSION**

Defendant is requesting the Court to transfer this case to the Eastern District of New York.  Thus, under the first step of the 28 U.S.C. § 1404(a) analysis, the Court must determine whether this action could have been originally brought in the Eastern District of New York.  Under 28 U.S.C. § 1391(b)(2), an action may be brought in a judicial district "in which a substantial part of the events or omissions giving rise to the claim occurred."  In this case, Plaintiff was allegedly injured when a hard laptop case fell on her head while she was disembarking from JetBlue Flight 132 at JFK Airport in Queens, New York.  The three flight attendants who served as the in-flight crew for Flight 132 and the flight attendant supervisors are all based in Queens, New York.  All the airport personnel, including PAPD, involved in the incident are located in New York.  JetBlue's

principal place of business and Flight Operations' Center is located at 27-01 Queens Plaza North, Long Island City (Queens), New York. For these reasons, the Court finds that this action could have been originally brought in the East District of New York, and thus, the first prong of the two-step venue transfer analysis is fulfilled.

Next, the Court must determine "whether convenience and the interest of justice require transfer to the requested forum." Ford v. U.S., 2013 WL 6046008 at *2 (S.D. Fla. Nov. 14, 2013). At this second step, "courts focus on a number of potential factors including: (1) convenience of the witnesses; (2) the location of documents and other sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the ability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances." *Id.*

### A.  *Convenience of the Witnesses and Location of Evidence*

"The convenience of both the party and non-party witnesses is probably considered the single most important factor in the analysis whether a transfer should be granted." Ford v. U.S., 2013 WL 6046008, at *2 (citing Hernandez v. Graebel Van Lines, 761 F. Supp. 983, 987 (E.D.N.Y. 1991)). Here, it appears that all liability witnesses are located in New York. All the individuals with knowledge of the facts regarding the incident—the three JetBlue crewmembers who witnessed the incident, their supervisors, and individuals who offered immediate assistance to Plaintiff—are based in New York. Plaintiff, however, has identified as potential witnesses eight treating physicians, all of whom are located in Florida. As the transfer or retention of this action will inevitably

prejudice the potential witnesses of either party, the Court finds that this factor does not weigh for or against transfer.

### B. Locus of Operative Facts

The locus of operative facts weighs in support of the Court transferring the case. Here, the incident in which Plaintiff was injured occurred while she was disembarking from JetBlue Flight 132 which was located in Queens, New York. As the incident occurred in the Eastern District of New York, the locus of operative facts weighs heavily in favor of transfer. *See* Ford, 2013 WL 6046008, at *3.

### C. Availability of process to compel witnesses to attend

The Court finds that this factor does not weigh in either Party's favor. Even though the recent rule change to Rule 45(b)(2) makes it possible to serve subpoenas on witnesses located in New York, the Court is still powerless to command the witnesses to appear in Florida because a district court cannot compel a non-party witness to appear for a trial more than 100 miles from where the person resides, is employed, or regularly transacts business in person. Likewise, the District Court in New York will not be able to compel non-party witnesses from Florida to appear in New York. For this reason, this factor is neutral in its impact upon the change in venue.

### D. Forums familiarity with governing law

The parties disagree whether this action should be governed by Florida or New York law. Plaintiff argues that Florida law applies and that this factor weighs against transferring this action. Defendant argues that New York law applies and that this factor weighs in favor of transfer. The Court finds it likely that New York law will apply because New York has the most significant relationship to the incident. As the Eastern District

of New York is more familiar with New York negligence law, the Court finds that this factor weighs in favor of transfer.

### E. *Relative Means of the Parties*

Here, Defendant is a sizeable corporation and Plaintiff is an individual. Although both parties would be inconvenienced by litigating outside of their preferred forum, Plaintiff would have far greater difficulty prosecuting this action in the Eastern District of New York, than would Defendant prosecuting the action in Florida. Thus, this factor weighs in favor of the Court retaining the case.

### F. *Plaintiff's Choice of Forum*

"Generally, in determining the merits of a § 1404(a) motion to transfer, this Court gives strong consideration to the plaintiff's choice of forum." Suomen Colorize Oy v. Dish Network LLC, 801 F.Supp.2d 1334, 1338 (M.D. Fla. 2011). "The plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 260 (11th Cir. 1996) (citations omitted). However, when the operative facts underlying the cause of action occurred outside the chosen forum, a plaintiff's choice of forum is entitled to less consideration." Seal Shield, 2013 WL 6017330, at *3. In this case, the operative facts underlying Plaintiff's claim did not occur in the Middle District of Florida, but instead within the Eastern District of New York. For this reason, the Court does not give great deference to Plaintiff's decision to bring her case in the Middle District of Florida and finds this to be a neutral factor, however, the other factors do not clearly outweigh the Plaintiff's choice in this instance.

### G. *Trial Efficiency and the Interests of Justice*

The Court finds that this factor weighs in favor of keeping venue in this Court. The incident occurred in the Eastern District of New York. Although the allegedly negligent flight attendants, the flight attendant's supervisors, and all other witnesses to Defendant's alleged negligence are located in the Eastern District of New York, the Plaintiff's witnesses and treating physicians are located in Florida. As explained above, were this Court to retain venue, it will be powerless to compel non-party witnesses to appear for trial but similarly, the New York Court would be powerless to compel the non-party Florida witnesses to appear in New York. However, the Defendant with its resources and ability to transport its witnesses far exceeds the Plaintiffs ability to transport her witnesses to New York. It would be virtually impossible for the Plaintiff to transport herself and her treating physicians to New York and virtually impossible for her to pursue this action in the Eastern District of New York. Thus, "trial efficiency and the interest of justice" favor the venue remaining in this Court.

In review, two (2) factors weigh in favor of the Court retaining venue, three (3) factors are neutral, and two (2) factors weigh in favor of transferring the case to the Eastern District of New York. The "relative means" of the parties and trial efficiency and the interest of justice" weigh in favor of the Court retaining venue. The "convenience of the witnesses and location of the evidence," "Plaintiff's choice of forum," and "ability of process to compel witnesses to attend," are neutral. The "forums familiarity with governing law," and "locus of operative facts," weigh in favor of transfer.

Upon balancing the relevant factors, the Court finds that the weight of the factors persuades this Court to maintain venue in the Middle District of Florida.

Accordingly, it is now

**ORDERED:**

Defendant, JetBlue Airways' Motion to Transfer Venue ([Doc. #11](Doc. #11)) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on the 13th day of February 2014.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record